BOUTALL, Judge.
This appeal arises out of a suit for recovery of damages under the uninsured motorist provisions of plaintiff’s automobile insurance policy. The trial court rendered judgment in favor of plaintiff awarding her damages and the defendant insurer has appealed.
There are two issues on this appeal. The first is an exception of no right or cause of action filed for the first time in this court based upon failure to give timely notice of the accident as required by the policy, and the second is that the trial court erred in finding that there was a collision between plaintiff’s automobile and an alleged hit-and-run automobile.
Appellant’s exception is based on the policy provisions relative to hit-and-run automobiles, which, it contends, require that the insured shall have filed with the company within thirty days after the accident a statement under oath of the facts of the accident and make available for inspection the insured’s automobile before repairs have been made so that the company could examine the damage. No such exception was filed in the trial court, and is filed for the first time before us. Although Louisiana Code of Civil Procedure Article 2163 provides that peremptory exceptions may be filed for the first time in this court we do not consider the exception the appropriate remedy under the procedural record before us.
The record shows that there were no exceptions pleaded in limine, and that the defendant merely answered generally denying the allegations of plaintiff’s petition and alleging the following as a special defense:
“Since this is an action under uninsured motorist there can be no claim for property damage alleged in plaintiff’s petition. Defendant calls for strict proof that a two car accident actually occurred. Defendant contends that there was no collision between the plaintiff’s vehicle and the unknown vehicle, and that the injuries plaintiff suffered were due solely to her own negligence.”
No question of timely notice was raised until the trial had begun and plaintiff had produced her last witness. Upon cross-examination of this witness, the defendant elicited testimony that the witness (plaintiff’s husband) had sought the advice of an attorney and had the automobile repaired before notice was given to the insurer. Defendant sought to amend its answer to set out a defense of timely notice. The court refused to permit the amendment based upon the lateness of the issue and refused to permit further evidence to be introduced on this aspect. At this point, counsel for plaintiff had argued that proof of timely notice could be demonstrated, but the matter was closed and no proof was entered.
If, therefore, we were to conclude that the exception was properly pleaded here, we would be required to remand, the case for evidence of such notice. However, based upon the record before us, we conclude the exception should be dismissed. It should be noted that at that time the insurance policy had not been filed in evidence, and it was not until some time after the trial that a copy of the reconstructed policy was furnished, perhaps incomplete. Nevertheless it appears to us that this question should have been pleaded either in limine by exceptions or as a special defense. The defendant introduced into evidence a “Statement of Driver”, plaintiff herein, dated June 8, 1972 and signed by her attorney, Donald Allmand. It is noted that the accident occurred on May 2, 1972 *522 and hence some thirty-five days had elapsed. A simple look at that document would demonstrate that Mrs. Yopp had an attorney representing her and certainly the company should have been aware of the situation and possessed of enough knowledge to make investigation and objection long before it did.
The record reflects that plaintiff was covered by two 'policies of insurance, this one with Manchester covering liability in general and uninsured motorist protection, and the other through Chrysler Credit Corporation insuring only collision coverage. Mrs. Yopp could not report the matter because she was bedridden immediately after the accident, and her husband undertook to make notification. He notified the other insurer, and was told that that insurance only covered collision, and was assured that his vehicle would be repaired. He thereupon sought the advice of an attorney as to responsibility of any of the policies in connection with his wife’s injuries, which were not fully determined at that time. Although the record is not clear, he apparently left it to his attorney to notify appellant, and based upon the document in the record, it would appear that some notification was effected prior to June 8, because the document appears to be a form provided by insurance companies for statement of the driver in uninsured motorist claims. Thus, we consider that the exception is simply an effort to provide the special defense which was refused by the trial court, and under the facts and procedural situation demonstrated in the record, we conclude the exception should be dismissed.
We now come to a consideration of the merits of the case.
The error assigned is that the trial judge erred in finding that there was a collision between plaintiff’s automobile and a hit-and-run vehicle, whose driver and owner are unknown. We are confronted with a question of credibility of the witnesses and the weight to be assigned their testimony.
The facts as related by plaintiff are that she was driving her 1972 Plymouth automobile, then only four months old, west on Highway 90, having just entered Highway 90 from the traffic circle at the foot of the Huey P. Long Bridge. When she had proceeded some fifty feet on Highway 90, she noticed in her sideview mirror a vehicle approaching from the rear in the left lane of traffic, and as the vehicle passed her, it swerved in sharply into her lane causing her to take violent evasive maneuver. Although she was not completely certain that the vehicle had struck her because of the confusion, she felt that it did, and this was what caused her to lose control of the vehicle. Her vehicle then was forced off of the highway down into a ditch and came to rest with its right side along a fence. Among other injuries, she received a severe laceration to her head, causing her to bleed freely, and she became hysterical. She was taken to the hospital as soon as she was extricated from the vehicle and had no opportunity to observe any damage that may have occurred to the vehicle.
As opposed to this, the defendant produced two witnesses, one who testified and one who gave a deposition, who were the occupants of a vehicle behind Mrs. Yopp’s vehicle. The testimony of these witnesses is to the effect that as their vehicle left the traffic circle and entered Highway 90, Mrs. Yopp’s vehicle was some 40 to 50 feet ahead of them, with another vehicle some 30 or 40 feet ahead of Mrs. Yopp. They concluded that Mrs. Yopp was changing from the right lane to the left lane in order to pass the vehicle ahead of her, when she lost control of her car by virtue of her rear wheels sliding, and that she ran off of the highway without touching any other vehicle.
The trial court resolved this conflict of testimony with the following statement:
“The Court has considered the testimony of Mr. Sheppard and also Mr. Wier’s deposition, and combined they are not as persuasive as petitioners’ evi *523 dence, which included primarily Mrs. Yopp’s accident description plus the testimony of (1) Mr. Yopp, (2) the investigating state trooper and (3) the body-shop manager. As a finding of fact, the Court concludes that there was damage to the left front of the Yopp automobile and that it was caused by the car that swerved into Mrs. Yopp’s path.”
We conclude that a fair evaluation of the testimony of Mr. Yopp, the investigating state trooper and the bodyshop manager establishes that there was damage to the left front fender and a scratch on the left front bumper which was caused by another vehicle at the time of the accident. It might be noted that it was raining at the time of the accident, and because of the weather, and the fact that the police were short handed and very busy, together with the urgency of getting Mrs. Yopp to the hospital, the trooper could not investigate the damage to the vehicle thoroughly, and overlooked the slight damage to the left front fender. However the damage was thereafter noticed by Mr. Yopp when he saw the vehicle and was called to the attention of all plaintiff’s witnesses, who substantiated that the damage did exist. Because of this corroboration as to the fact of damage, we cannot say that the trial judge was in error in resolving the issue of credibility in favor of Mrs. Yopp. Although we can only speculate, an examination of defense witnesses testimony could indicate that they did not see Mrs. Yopp’s vehicle until after the passing vehicle had struck it and she was out of control.
It is well settled that in matters of credibility of the witness, the trial judge should be granted great discretion, and we must give his findings great weight except where we find clear and manifest abuse of his discretion. We find no such abuse in this case.
No issue has been made of the amount of damages awarded, and for the reasons above related, we are of the opinion that the judgment should be affirmed.
Affirmed.